# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1305V
Filed: May 11, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JUANITA MESSICK,  * | |
| * | |
| Petitioner,  * | Damages Decision Based on Proffer; |
| v.  * | Influenza ("flu") Vaccine; Shoulder |
| * | Injury Related to Vaccine |
| SECRETARY OF HEALTH  * | Administration ("SIRVA"); Special |
| AND HUMAN SERVICES,  * | Processing Unit ("SPU") |
| * | |
| Respondent.  * | |
| * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Heather L. Pearlman*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On November 2, 2015, Juanita Messick ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she received an influenza ("flu") vaccine on November 15, 2014,[3] and thereafter suffered injuries to her left shoulder. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On January 15, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for shoulder injury related to vaccine administration ("SIRVA"). On May 10, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $182,194.04, consisting of $125,000.00 in

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The vaccination record indicates the date of vaccination was November 14, 2014. Pet Ex. 1 at 5-6.

actual and projected pain and suffering; $56,481.53 in past unreimbursable expenses; and $712.51 in past lost wages.[4]  Proffer at 1.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $182,194.04 in the form of a check payable to petitioner, Juanita Messick.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[4] The parties agree that based upon the evidence of record, petitioner's vaccine-related injury has not impaired her future earning capacity.  Therefore no lost future earnings are awarded.  Proffer at 1-2.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____
                                            )
JUANITA MESSICK,                            )
                                            )
        Petitioner,                         )
                                            )   **No. 15-1305**
v.                                          )   **Chief Special Master Dorsey**
                                            )
SECRETARY OF HEALTH AND                     )
HUMAN SERVICES,                             )
                                            )
        Respondent.                         )
_____)

## RESPONDENT'S PROFFER OF DAMAGES

**I.**    **Items of Compensation**

For the purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report filed on January 15, 2016.

    A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $125,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.    Past Unreimbursable Expenses

Respondent proffers that petitioner should be awarded $56,481.53 in past unreimbursable expenses related to her vaccine-related injury. Petitioner agrees.

    C.    Lost Wages

Respondent proffers that petitioner should be awarded $712.51 in past lost wages due to her vaccine-related injury. The parties agree that based upon the evidence of record, petitioner's vaccine-related injury has not impaired her future earning capacity. Therefore, respondent

1

proffers that petitioner should be awarded no lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

## II.  Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

> A lump sum payment of $182,194.04, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a), in the form of a check payable to petitioner.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Tort Branch, Civil Division

ALEXIS B. BABCOCK
Senior Trial Attorney
Torts Branch, Civil Division

 s/ Heather L. Pearlman
HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146

Dated: May 10, 2016                Telephone: (202) 353-2699

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses and future pain and suffering.